Filed 5/18/16  Talega Village Center Community Assoc. v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TALEGA VILLAGE CENTER COMMUNITY ASSOCIATION, | |
| Petitioner, | |
| v. | G051950 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. No. 30-2013-00671155) |
| Respondent; | O P I N I O N |
| STANDARD PACIFIC CORPORATION et al., | |
| Real Parties in Interest. | |

Original proceedings; petition for a writ of mandate/prohibition to challenge an order of the Superior Court of Orange County, Gail Andrea Andler, Judge. Petition granted.

Peters & Freedman, David M. Peters, Kennan A. Parker, Kyle E. Lakin and Zachary R. Smith for Petitioner.

No appearance for Respondent.

Green & Hall, Brian C. Plante, Nicole E. Bartz and Robert L. Green for Real Parties in Interest.

Gemmill, Baldridge & Yguico and Carlos V. Yguico for Professional Warranty Service Corporation as Amicus Curiae on behalf of Real Parties in Interest.

*          *          *

In this writ proceeding the petitioner challenges the enforcement of an arbitration provision contained in the Covenants, Conditions, and Restrictions (CC&Rs) of a residential development. The arbitration provision is contained in an exhibit to the CC&Rs entitled "Home Builder's Limited Warranty," which, according to the CC&Rs, becomes enforceable when "issued." There is no evidence in the record that it ever issued. Accordingly, the trial court erred by enforcing the arbitration provision.

## FACTS

Talega Village Center is a residential development consisting of 302 residential units, together with association property and common areas, located in San Clemente. Petitioner Talega Village Center Community Association (the HOA) is the governing body for the development. Real Party in Interest Standard Pacific Corporation (Standard Pacific) was the developer and declarant of the CC&Rs. Real Party in Interest Talega Associates, LLC, is an entity related to Standard Pacific that was involved in the

2

development.[1] Talega Village Center was built and sold in the 2003-2005 time frame. Standard Pacific recorded the CC&Rs in 2003 at a time when it controlled the homeowner's association entirely.

In September 2013 the HOA filed its first amended complaint[2] against defendants, alleging four causes of action:  violation of SB800 construction standards,[3] strict liability (developer), negligence, strict liability (product).  "Class Action/Construction Defect" is stated on the face page of the complaint.  The HOA brought the action on its own behalf and on behalf of "all persons having an ownership interest in a condominium unit at the Project."  The complaint alleges a litany of defects in the construction of the development.

In response, defendants filed a petition to compel arbitration, seeking to enforce the arbitration provisions of the CC&Rs, and in particular the "Home Builder's Limited Warranty, which is administered by the Professional Warranty Service Corporation . . . ."

The arbitration provisions in the CC&Rs are set forth in various sections and exhibits.  Section 12.4.1 of the CC&Rs states, "Any Dispute, as defined in *Exhibit G*, entitled 'Alternative Dispute Resolution Provisions' . . . , shall be governed by and resolved in accordance with the ADR Provisions."  Exhibit G to the CC&Rs, entitled "Alternative Dispute Resolution Provisions," provides in part, "WITH RESPECT TO ALL DISPUTES, DECLARANT, OWNERS, AND THE ASSOCIATION SHALL COMPLY WITH THE DISPUTE RESOLUTION AND ARBITRATION

---

[1]  For ease of reading, real parties in interest are hereafter referred to as defendants, their lower court designation.

[2]  The original complaint is not in the record.

[3]  SB800 refers to the legislation that enacted Civil Code sections 895 through 945.5, popularly known as the Right to Repair Act.  (Civil Code, § 895 et seq.: Sen. Bill No. 800 (2001-2002 Reg. Sess.).)

3

PROCEDURES AND PROVISIONS SPECIFIED IN THE HOME WARRANTY OR THE ASSOCIATION PROPERTY WARRANTY, WHICHEVER IS APPLICABLE . . . . [Citation.] The Association acknowledges and agrees that the Home Warranty and the Association Property Warranty forms *to be issued* have been made available to the Association for review, that the Association has made such review of the Home Warranty and the Association Property Warranty and the dispute resolution procedures specified therein as the Association deems necessary and appropriate, and that the Association consents to participation in such procedures for resolution of Disputes." (Italics added.)

Under exhibit G, the alternative dispute resolution provisions, arbitration vis-à-vis the home warranty is the primary method of resolving disputes. It is not, however, the only method. Exhibit G contains "SECONDARY ALTERNATIVE DISPUTE RESOLUTION PROCEDURES," which apply "TO THE EXTENT ANY OF THE DISPUTE RESOLUTION OR ARBITRATION PROCEDURES AND PROVISIONS SPECIFIED IN THE HOME WARRANTY OR THE ASSOCIATION PROPERTY WARRANTY . . . ARE DETERMINED TO BE UNENFORCEABLE IN WHOLE OR IN MATERIAL PART . . . , OR TO THE EXTENT A DISPUTE ARISES WITH AN OWNER WHO DID NOT RECEIVE A HOME WARRANTY. . . ." The secondary procedure is simply arbitration by Judicial Arbitration and Mediation Services (JAMS), "or any other entity offering judicial reference dispute resolution procedures as may be mutually acceptable to the parties to the Dispute, pursuant to its standard arbitration procedures for construction matters." There is yet a third method of resolution, should the foregoing be deemed unenforceable, which is "a general judicial reference pursuant to California Code of Civil Procedure Sections 638(a) and 640-645.2 . . . ." Defendants' petition to compel arbitration, however, specifically requested enforcement of the arbitration provisions "pursuant to the Home Builder's Limited Warranty, which is administered by the Professional Warranty Service Corporation . . . ."

4

The reader must return to the CC&Rs for the definition of the home warranty and association property warranty. Section 12.5 of the CC&Rs states, "The form Home Builder's Limited Warranty attached to this Declaration as *Exhibit H* contains provisions which apply to both Condominiums and Association Property in the Properties. Those provisions of the Home Builder's Limited Warranty that pertain to Condominiums shall be referred to as a 'Home Warranty.' Persons who receive from Declarant a Home Warranty shall be bound by and shall be a beneficiary of the Home Warranty and the ADR Provisions in the form attached to the Declaration as *Exhibit G*. Nothing in the Home Warranty or any other document provided by Declarant in conjunction with the sale of a Condominium diminishes any rights or obligations Owner or Declarant may have under California Civil Code Sections 895 through 945.5 . . . . THE HOME WARRANTY, *WHEN ISSUED*, SHALL BE THE ONLY WARRANTY, EXPRESS OR IMPLIED, MADE BY DECLARANT WITH REGARD TO THE RESIDENCE AND THE CONDOMINIUM, AND DECLARANT DISCLAIMS ALL OTHER WARRANTIES AS MORE FULLY SET FORTH IN THE DISCLAIMER ATTACHED AS *EXHIBIT I* TO THIS DECLARATION. *This section applies to a particular Dispute only to the extent a Home Warranty is actually issued and in effect at the time of that particular Dispute with respect to the particular Condominiums at issue.*" (Italics added.) The Association Property Warranty is defined in the same way, except that it includes only "[t]hose provisions of the Home Builder's Limited Warranty that pertain to Association Property." In other words, both the Home Warranty and Association Property Warranty are set forth in Exhibit H to the CC&Rs, entitled "Home Builder's Limited Warranty."

Exhibit H, the home builder's limited warranty, is a 13-page document, and at the top of each page appears the word "SAMPLE." Page 1 states, "Enclosed with this LIMITED WARRANTY is a Limited Warranty Validation Form. The Limited Warranty

5

Validation Form provides the dates on which the warranty coverage period begins and expires." The record does not contain an executed validation form.

The home builder's limited warranty contains a section entitled "Binding Arbitration Procedure." It provides that all disputes will be resolved through binding arbitration. "The arbitration shall be conducted by Construction Arbitration Services, Inc., or such other reputable arbitration service that PWC shall select, at its sole discretion, at the time the request for arbitration is submitted." PWC refers to Professional Warranty Services Corporation, who Standard Pacific hired to administer the warranty (and who filed an amicus curiae brief in this writ proceeding). "The rules and procedures of the designated arbitration organization, that are in effect at the time the request for arbitration is submitted, will be followed. A copy of the applicable rules and procedures will be delivered to YOU upon request." "[I]f the arbitrator finds US responsible for a CONSTRUCTION DEFECT, the arbitrator will determine the scope of any repair or replacement, OUR cost of any such repair or replacement, and the diminution in fair market value, if any, caused by such CONSTRUCTION DEFECT. Based upon the arbitrator's decision, WE shall choose whether WE shall (1) repair, replace the CONSTRUCTION DEFECT, (2) pay to YOU the actual amount it would cost US to repair or replace the CONSTRUCTION DEFECT or (3) PAY to YOU an amount equal to the diminution in fair market value caused by the CONSTRUCTION DEFECT. The decision to repair, replace, or make payment to YOU is at OUR or OUR authorized representative's sole option."

The HOA opposed the petition to compel arbitration, arguing, among other things, that, "Defendants offer no evidence that the 'SAMPLE HOME BUILDER'S LIMITED WARRANTY' attached to the CC&Rs . . . was 'actually issued' . . . ." The HOA also argued the arbitration provisions are unconscionable. In its reply to HOA's opposition, defendants ignored the HOA's argument that the warranty never issued. The only statement in the reply that might have been in response to this point was the

6

following passing comment: "Moreover, the homeowners were given a copy of the CC&Rs prior to closing escrow and the purchase documents also contain identical provisions requiring construction defect disputes to be resolved through binding arbitration with [PWC]." To support this proposition, defendants cited the declaration of Karen Spargo, Pacific Standard's vice-president of sales and marketing for the Orange County division during the relevant time frame. Spargo declared, "As part of the Sales and Marketing team, I was also required to familiarize myself with the purchase agreements and Alternative Dispute Resolution ('ADR') agreements for the various SPC communities. The ADR provisions in the purchase agreements generally mirror the ADR provisions in the CC&Rs. For Talega Village Center, both the purchase documents and the CC&Rs require all construction defect disputes to be resolved by binding arbitration and to be administered by Professional Warranty Service Corporation." Spargo also declared that a copy of the CC&Rs is given to each homeowner before closing escrow. The HOA objected to the latter testimony based on lack of foundation/personal knowledge. The trial court apparently never ruled on the objection.

The court granted the petition to compel arbitration, stating only, "The court orders the litigation stayed and orders the parties to comply with the arbitration provisions in Talega Village Center Community Association's CC&Rs." The HOA subsequently filed a motion for "reconsideration and clarification" of the court's order. In denying the motion for reconsideration, the court stated, "The court declines to further clarify its ruling beyond reiterating that the court granted the arbitration as requested by moving party." Thus, the arbitration provision enforced by the court was the provision requested by defendants — namely, an arbitration under the procedures specified in the home builder's limited warranty.

The court's order was stayed for nearly one year while the parties went to mediation. Mediation apparently failed, and shortly after the stay was lifted, the HOA

7

filed the present writ petition. We issued an order to show cause and stayed the trial court order.

DISCUSSION

The HOA contends the court erred by enforcing the home warranty. At the same time, the HOA states, "It should be stressed that petitioner consents to a fair and reasonable construction defect arbitration process using a neutral forum (i.e. JAMS)." This concession is consistent with our high court's decision in *Pinnacle Museum Tower Assn. v. Pinnacle Market Development* (*US*), *LLC* (2012) 55 Cal.4th 223, where the court held arbitration provisions in CC&Rs are generally enforceable despite that no actual homeowners existed at the time the CC&Rs were drafted and recorded (*id*. at pp. 232, 240). The issue, therefore, is not whether the arbitration provisions in the CC&Rs are generally enforceable, but only whether the primary method of arbitration is — i.e., the home warranty. We conclude it is not.

We interpret the CC&Rs as we would a contract. (*Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 380-381 ["As noted earlier, equitable servitudes permit courts to enforce promises restricting land use when there is no privity of contract between the party seeking to enforce the promise and the party resisting enforcement. Like any promise given in exchange for consideration, an agreement to refrain from a particular use of land is subject to contract principles, under which courts try 'to effectuate the legitimate desires of the covenanting parties'"].) "In contract law, a 'condition precedent' is 'either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises.'" (*Wm. R. Clarke Corp. v. Safeco Ins. Co.* (1997) 15 Cal.4th 882, 885, fn. 1.) "The existence of a condition precedent normally depends upon the intent of the parties as determined from the words they have employed in the contract." (*Realmuto v. Gagnard* (2003) 110 Cal.App.4th 193, 199.) "The rule is that provisions of a contract

8

will not be construed as conditions precedent in the absence of language plainly requiring such construction." (*Rubin v. Fuchs* (1969) 1 Cal.3d 50, 53.)

We conclude the home warranty is not enforceable because a condition precedent — issuance — has not occurred. The CC&Rs are quite clear on their face that the home warranty does not apply unless it has issued: "This section applies to a particular Dispute only to the extent a home warranty is actually issued and in effect at the time of that particular Dispute with respect to the particular Condominiums at issue." In the same section, the CC&Rs provide that the home warranty is the only applicable warranty "WHEN ISSUED." Likewise, exhibit G, the alternative dispute resolution provisions, states that the home warranty is "to be issued."

The HOA argued both in the trial court and again in this writ proceeding that the home warranty never issued, and in both cases, defendants completely ignored the argument. Defendants' decision to not address the issue leaves us in the difficult position of having no guidance as to what it even means for the home warranty to issue. The CC&Rs provide no definition for the term. Does the home warranty issue generally, or does it issue to each homeowner specifically? Does it issue by simply handing a homeowner a copy? Or, does issuance require the sort of validation form mentioned in the home warranty? Does issuance require an additional recordation? Defendants provided no evidence of what the parties intended, much less evidence that whatever was intended actually occurred.

We perceive only two pieces of evidence that might bear on the issue. The first is that in exhibit G, the alternative dispute resolution provisions, the HOA agreed to the terms of the home warranty: "The Association acknowledges and agrees that the Home Warranty and the Association Property Warranty forms *to be issued* have been made available to the Association for review, that the Association has made such review of the Home Warranty and the Association Property Warranty and the dispute resolution procedures specified therein as the Association deems necessary and appropriate, and that

9

the Association consents to participation in such procedures for resolution of Disputes." (Italics added.)  The problem, of course, is that this provision specifically contemplates that the home warranty is "to be issued," and read in conjunction with the CC&Rs, the home warranty is not binding until it is issued.  Without evidence of issuance, this provision is of no help to defendants.

The second piece of evidence is a declaration by Karen Spargo to the effect that each homeowner is given a copy of the CC&Rs prior to purchasing the home, and that the home purchase documents contain alternative dispute resolution provisions that "generally mirror" the provisions in the CC&Rs.  Setting aside the problem that it is not clear that merely handing a copy of the CC&Rs to a homeowner qualifies as issuance, for any given homeowner, Spargo cannot testify to what was or was not given to them prior to the purchase.  The HOA's objection based on lack of personal knowledge is well taken.  Moreover, to the extent the purchase documents, which are not in the record, "generally mirror" the CC&Rs, presumably they also require a home warranty to be issued.  Finally, defendants' petition was to compel arbitration pursuant to the CC&Rs, not pursuant to any purchase documents.

Because we conclude there is no evidence in the record that the home warranty issued, we need not address the HOA's argument that the arbitration provisions in the home warranty are unconscionable.  Nor need we address the HOA's arguments concerning whether DeMars & Associates, Ltd., the originally chosen but subsequently withdrawn arbitration provider, is biased.  And since the HOA has consented to arbitration through the secondary method of using JAMS, we need not address its contention that defendants failed to comply with the Right to Repair Act (Civil Code, § 895 et seq.) prior to petitioning to compel arbitration.[4]

---

[4]     Our conclusion that the home warranty did not issue applies only to the present petition to compel arbitration.  In addition to the arbitration provisions, the home warranty contains limitations on liability that defendants may wish to enforce in a future

10

# DISPOSITION

The petition for a writ of mandate is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its March 5, 2014 order granting defendants' petition to compel arbitration. Having served its purpose, the order to show cause is discharged. The stay imposed by this court is dissolved upon the finality of this opinion. The HOA shall recover costs incurred in this writ proceeding.

The HOA's motion for judicial notice is denied, as it contains material not presented to the trial court and unnecessary to resolve the writ petition.

The defendants' motion to strike the declarations of David M. Peters and Kyle E. Larkin is granted, as the objectionable material was not presented to the trial court and is unnecessary to resolve the writ petition.

Amicus Curiae PWC's requests for judicial notice are denied, as they contain material not presented to the trial court and unnecessary to resolve the writ petition.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

---

arbitration in this case. For purposes of enforcing those limitations on liability, nothing about our opinion would preclude defendants from presenting evidence that the home warranty, in fact, did issue. In other words, our conclusion is only that there is no evidence *in the record before us* that the home warranty issued. That said, we offer no opinion on whether those limitations on liability are ultimately enforceable.